UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GEORGE ELVER,

    Plaintiff,

v.                       Case No: 2:18-cv-102-FtM-29CM

STEVE WHIDDEN, in his official capacity as Sheriff of Hendry County, Florida and STEVE WHIDDEN, in his individual capacity,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on defendants' Corrected Motion to Tax Costs Against Plaintiff (Doc. #64) and Corrected Motion for Attorneys' Fees (Doc. #65) filed on January 24, 2019. Plaintiff filed a Response in Opposition (Doc. # 72) on February 14, 2019. For the reasons set forth below, the motions are denied without prejudice.

**I.**

On January 9, 2019, the Court entered an Opinion and Order granting defendants' motion for summary judgment. (Doc. #59.) The following day, judgment was entered in defendants' favor. (Doc. #60.) On January 29, 2019, plaintiff filed a Notice of Appeal. (Doc. #66.) The appeal is currently pending.

On January 24, 2019, defendants filed a motion to tax costs and a motion for attorneys' fees, (Doc. #61; Doc. #63), and then corrected motions the same day.* In the two corrected motions, defendants seek costs in the amount of $3,263.86 and a determination that defendants are entitled to attorneys' fees. (Doc. #64; Doc. #65.) In response, plaintiff challenges defendant's entitlement to fees on various statutory and constitutional grounds. (Doc. #72, pp. 2-4.)

**II.**

As a general rule, the filing of a notice of appeal divests a district court of jurisdiction on any matter involved in the appeal. Green Leaf Nursery v. E.I. DuPont de Nemours & Co., 341 F.3d 1292, 1309 (11th Cir. 2003). However, the district court may retain jurisdiction to consider motions on matters that are collateral to the matters on appeal. Mahone v. Ray, 326 F.3d 1176, 1179 (11th Cir. 2003). Specifically, the district court may entertain a motion for attorney's fees after a notice of appeal has been filed in the underlying case. Briggs v. Briggs, 260 F. App'x 164, 165 (11th Cir. 2007).

Alternatively, the Court has discretion to deny a motion for attorneys' fees without prejudice with leave to re-file after the appeal has concluded. See Fed. R. Civ. P. 54(d) Advisory Committee

---

* Defendants' original motions did not include statements of conferral.

Note to 1993 Amendment (providing that "[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved"); see also The Indigo Room, Inc. v. City of Fort Myers, 2014 WL 1174355, *1 (M.D. Fla. Mar. 21, 2014)) (denying motion for attorney's fees without prejudice and with leave to re-file after entry of appellate court's mandate); S.-Owners Ins. Co. v. Wall 2 Walls Const., LLC, 2013 WL 6893254, *1 (M.D. Fla. Dec. 31, 2013) (same).

**III.**

Rather than resolving the instant motions during the pendency of the appeal, justice would be better served by denying the motions without prejudice and with leave to re-file after the conclusion of the appeal. See Bowers v. Universal City Dev. Partners, Ltd., 2005 WL 1243745, *2 (M.D. Fla. May 19, 2005) ("If the district court were to resolve the fee and cost issue while an appeal remains pending, it would be asked to repeat the procedure following the appeal.").

Immediate resolution of the motions is unwarranted given the procedural posture of the case. Because the appeal is pending before the Eleventh Circuit Court of Appeals (Doc. #66), the Court denies defendants' motions (Doc. #64; Doc. #65) without prejudice.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendants' original Motion for Attorneys' Fees and Motion to Tax Costs (Doc. #61; Doc. #63) are **DENIED as moot**.

2. Defendants' Corrected Motion for Attorneys' Fees and Motion to Tax Costs (Doc. #64; Doc. #65) are **DENIED without prejudice.**

3. Defendants may refile a Motion for Attorneys' Fees and a Motion to Tax Costs, if appropriate, within **fourteen (14) days** of the date that the Eleventh Circuit Court of Appeals issues its Mandate on the pending appeal.

**DONE and ORDERED** at Fort Myers, Florida, this ___20th___ day of February, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record