UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GEORGE ELVER,

    Plaintiff,

v.                       Case No: 2:18-cv-102-FtM-29NPM

STEVE WHIDDEN, in his
official capacity as Sheriff
of Hendry County, Florida
and STEVE WHIDDEN, in his
individual capacity,

    Defendants.

---

## OPINION AND ORDER

This matter comes before the Court on defendant's[1] Renewed Motion for Attorneys' Fees (Doc. #78) filed on December 6, 2019. Plaintiff filed a Memorandum in Opposition (Doc. #82) on December 30, 2019.

Plaintiff initiated the case on September 29, 2017, in the Tampa Division of the Middle District of Florida. An Amended Complaint (Doc. #4) was filed alleging whistleblower retaliation by a public employee against the Sheriff in his official capacity in violation of Fla. Stat. § 112.3187 (Count I) and First Amendment Retaliation against the Sheriff in his individual capacity (Count

---

[1] The Court will refer to defendant as a singular party, however Sheriff Whidden filed the motion in his official capacity as Sheriff of Hendry County, Florida, and in his individual capacity.

II) and his official capacity (Count III) by and through 42 U.S.C. § 1983. Defendants filed an Answer and Affirmative Defenses (Doc. #24) on January 12, 2018. On February 13, 2018, the case was transferred to the Fort Myers Division. (Doc. #29.) On October 12, 2018, defendant, in his official and individual capacities, moved for summary judgment. After permitting additional briefing, on January 9, 2019, the Court issued an Opinion and Order (Doc. #59) granting summary judgment in favor of defendant and against plaintiff on all counts. Judgment (Doc. #60) was issued on January 10, 2019. Plaintiff appealed, and on October 24, 2019, the Eleventh Circuit affirmed. (Doc. #75.)

Defendant seeks attorney fees pursuant to Fed. R. Civ. P. 54, Fla. R. Civ. P. 1.442, and Fla. Stat. 768.79. Defendant states that plaintiff was served with a proposal for settlement on October 2, 2018, in the amount of $50,001.00, which was not accepted by plaintiff. (Doc. #78, ¶¶ 2-3.) Defendant's written Proposal for Settlement to Plaintiff (Doc. #63-1) provided for a mutual general release and confidentiality provision, and an agreement to not seek reemployment, in exchange for a monetary settlement inclusive of attorneys' fees and costs, but no punitive damages.

"This circuit has found § 768.79 to be substantive law for *Erie* purposes.". Jones v. United Space All., L.L.C., 494 F.3d 1306, 1309 (11th Cir. 2007). Where jurisdiction is based on the presence of a federal question, as in this case, and the Court

maintains supplemental jurisdiction over a state claim, Fla. Stat. § 768.79 only applies to the state law claim. Design Pallets, Inc. v. Gray Robinson, P.A., 583 F. Supp. 2d 1282, 1287 (M.D. Fla. 2008). Only Count I was brought under state law.

Even though only Count I is a state law-based claim, all three claims were premised on the same set of facts and Count I was analyzed under the same standard used in Title VII retaliation claims. (Doc. #59, p. 16 n.9.) Counts II and III were both brought under § 1983, under which "[a] prevailing defendant may recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." Hensley v. Eckerhart, 461 U.S. 424, 429 n.2 (1983) (citations omitted). Florida courts have determined that "because section 1988 allows the award of attorney's fees to prevailing defendants in a much more limited context than does section 768.79(1), section 1988 preempts section 768.79(1)." Moran v. City of Lakeland, 694 So. 2d 886, 887 (Fla. 2d DCA 1997). "Thus, [ ] Florida law prevents awards of attorneys' fees, even after an offer of judgment, in state and federal civil rights cases absent a showing of frivolity." Alansari v. Tropic Star Seafood Inc., 395 F. App'x 629, 632 (11th Cir. 2010).

The Court found that plaintiff offered sufficient evidence to create a genuine issue of material fact as to the causation element but that defendant had articulated a legitimate, non-retaliatory

reason for plaintiff's dismissal and plaintiff had failed to show that the reason was pretextual. (Doc. #59, pp. 17, 22, 26.) There was nothing to indicate that the allegations in the Amended Complaint were vexatious, frivolous, or brought to harass or embarrass defendant. The motion for attorney's fees will be denied. As a result, the Court need not address plaintiff's argument that the inclusion of a prayer for equitable relief forecloses application of the offer of judgment statute.

Accordingly, it is hereby

**ORDERED:**

Defendants' Renewed Motion for Attorneys' Fees (Doc. #78) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __8th__ day of January, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record